In the

United States Federal District Court for Maryland Located at Baltimore – Fourth Circuit

Plaintiff (Adaeze Nwosu)

11630 Leesborough Circle

Silver Spring, MD, 20902



V.S.

Defendant (Gritz, Hanifin & Shih, LLC )

200A Monroe St Suite 310,

Rockville, MD 20850

January 16 2024

DKC 24 CV 0162

## Complaint – Legal Malpractice: Negligence & Breach of Fiduciary Duty & Breach of Contract (Tort)

1. **Basis for Federal Jurisdiction – Diversity Jurisdiction**

This case is brought into this federal district court under "Diversity Jurisdiction,"

Whereas, Ms. Nwosu, plaintiff, is a citizen of Nigeria and,

Whereas Gritz, Hanifin & Shih, LLC, (herein 'GHS') defendant, is incorporated under the laws of Maryland, and has its principal place of business in the State of Maryland,

Whereas diversity jurisdiction exists because there is a diversity of citizenship among the parties and,

Whereas the amount in controversy exceeds $75,000.00. exclusive of interest and costs.

2. **Venue - Basis for Personal Jurisdiction**

In general, a court may exercise personal jurisdiction over a person and/or entity, who directly or by an agent:

   (1) Transacts any business or performs any character of work or service in the State
   (2) Contracts to supply goods, food, services, or manufactured products in the State;
   (3) Causes tortious injury in the State by an act or omission in the State;

Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State

3. **Statement of Claims**

   *Count 1: Breach of Contract & Breach of Fiduciary Duty*

   3.1. To demonstrate a breach of fiduciary duty, plaintiff must demonstrate (1) the existence of a fiduciary relationship, (2) breach of the duty owed by the fiduciary to the beneficiary, and (3) harm to the beneficiary resulting from the breach. *Plank v. Cherneski*, 469 Md. 548 at 559, 231 A.3d 436 (2020).

   3.2. The plaintiff avers that upon entering a contract with Mr Henry Shih of Gritz Hanifin & Shih, LLC, where she was their client for her peace order appeal case sometime in February 2023, Mr Shih and GFH had a fiduciary duty to her as her lawyers. This

fiduciary and contractual relationship were breached severally when Mr Shih would go on to violate the Maryland Attorney Rules of Professional conduct, including rule 1.1 Competence, Rule 1.3 Diligence, Rule 1.4 Communication, Rule 8.4 Misconduct by way of concealment of evidence.

3.3. In certain cases, the fiduciary duty is expanded to require the utmost good faith and full disclosure of all material information. *Herring v. Offutt*, 266 Md. 593, 295 A.2d 876 (1972); *Dixon v. Trinity Joint Venture*, 49 Md. App. 379, 431 A.2d 1364 (1981); *see Impala Platinum, Ltd. v. Impala Sales (U.S.A.), Inc.*, 283 Md. 296, 389 A.2d 887 (1978) . The fiduciary duty which an attorney owes his or her client is defined as the duty to represent the client with undivided loyalty and honesty, to preserve the client's confidences, and to represent no interest adverse to the client. *See Strickler Eng'g Corp. v. Seminar, Inc.*, 210 Md. 93, 122 A.2d 563 (1956); *see also* 2 Ronald E. Mallen, Jeffrey M. SMiTh & AlliSon D. RhodeS, Legal MalPracTice § 14.1, at 227 (West 2013).

3.4. This fiduciary and contractual duties were severally breached, wherein Mr Shih and Mr Hanifin engaged in practices that concealed evidence essential to the plaintiff's case, this breach of fiduciary cannot be purported to have been performed in good faith or as an accident and is thus tortuous. Of import, when the plaintiff alerted the defendant in good faith, in writing, that they had inadvertently concealed evidence by their purported negligence, and approached them to correct their mistake, Patrick Hanifin, the registered agent of GFH, lashed out against the plaintiff and threatened her.

3.5. Furthermore, the fiduciary duty requires a party with such responsibility to act solely in the interest of the beneficiary without any self-interest or self-dealing. A fiduciary duty applies to partners, corporate officers and directors, executors, trustees and guardians. *See Crawford v. Mindel*, 57 Md. App. 111, 469 A.2d 454 (1984). Mr Shih's actions were especially detrimental to the plaintiff because at times he would act in his own self interest, failing to notify and timely notify the plaintiff on matters related to her case. On one occasion Mr Shih refused to follow a simple procedure to resolve a hospital bill owed by the plaintiff arising of the peace order case, because he did not want to abide by the hospital's procedures to resolving the claim. On another occasion, he willfully omitted in his motion for continuance to the judge that he had personal emergencies barring the fulfilment of his legal ethical contractual and fiduciary duties to the plaintiff.

3.6. As a result of the breach of fiduciary and contractual duties owed to her as her lawyers, the plaintiff suffered gross harm by not only having her case dismissed, but also having the peace order in place until August 8 2023, from February 2023. The fact that a perjured peace order by a neigbour remained in place, was not appealed successfully, led to the plaintiff suffering loss of her property and liberty and caused her to incur enormous relocation expenses, after her home was rendered impractical to inhabit.

*Count 2: Legal Malpractice - Negligence*

3.7. In a claim for attorney for negligence, the plaintiff must plead and prove three elements: (1) the employment of the attorney; (2) the attorney's breach of a reasonable duty; and (3) the attorney's breach of duty was the proximate cause of the client's injury. *Md. Cas. Co. v. Price*, 231 F. 397 (4th Cir. 1916); *Wong v. Aragona*, 815 F. Supp. 889 (D. Md. 1993), *aff'd*, 61 F.3d 902 (4th Cir. 1995); *Suder v. Whiteford, Taylor & Preston, LLP*, 413 Md. 230, 992 A.2d 413 (2010); *Parler & Wobber v. Miles & Stockbridge, P.C.*, 359 Md. 671, 756 A.2d 526 (2000) (negligent settlement recommendation involving contribution claim); *Thomas v. Bethea*, 351 Md. 513, 718 A.2d 1187 (1998) (negligent settlement recommendation); *Ferguson v. Cramer*, 349 Md. 760, 709 A.2d 1279 (1998); *Cavacos v. Sarwar*, 313 Md. 248, 545 A.2d 46 (1988); *Wooddy v. Mudd*, 258 Md. 234, 265 A.2d 458 (1970); *Kendall v. Rogers*, 181 Md. 606, 31 A.2d 312 (1943); *Berringer v. Steele*, 133 Md. App. 442, 758 A.2d 574 (2000); *Fishow v. Simpson*, 55 Md. App. 312, 462 A.2d 540 (1983).

3.8. In *Abramson v. Wildman*, 184 Md. App. 189, 964 A.2d 703 (2009), the Court of Special Appeals reviewed the law of legal malpractice, noting authority for the proposition that an action for malpractice against an attorney can be cast as a tort claim or a contract claim, or both. *Id.* at 203, 964 A.2d at 711. The Court also pointed out that Mallen & Smith's *Legal Malpractice* treatise "recognizes [legal malpractice] contract actions for: 1) breach of express contract; 2) breach of an implied contract; 3) unsuccessful guarantee of a specific result; [and] 4) . . . violation of a client's instructions." *Id.* at 204, 964 A.2d at 711–12.

3.9. In this Complaint, Plaintiff has alleges that Mr Shih, a partner in the firm breached its duty of care to act as a reasonably competent attorney. The duty owed by an attorney to the plaintiff is to exercise ordinary care and diligence in the execution of business entrusted to him or her and to provide a fair average degree of professional skill and knowledge. *Kendall v. Rogers*, 181 Md. 606, 610, 31 A.2d 312, 314 (1943). If an

attorney does not possess ordinary skill and knowledge or neglects to use such skill and knowledge, the attorney is liable for any resulting loss to his or her client. *Id.* at 610–11, 31 A.2d at 314; *see also Caltrider v. Weant*, 147 Md. 338, 128 A. 72 (1925); *Watson v. Calvert Bldg. & Loan Ass'n*, 91 Md. 25, 45 A. 879 (1900)

3.10. Mr Shih and Mr Hanifin repeatedly did not heed the plaintiff's instructions to her case. On multiple occasion as the case evolved, Mr Shih would misrepresent to the plaintiff that their firm did not handle civil cases and thus could not advice her or review contributory civil matters that instigated the civil peace order case against her.

3.11. Mr Shih misrepresented the scope of his firm to the plaintiff, The plaintiff will learn from Mr Hanifin, after he took over the case, that he had been practicing general civil law for over 15 years, which was in direct contrast to Mr Shih's assertions that the firm handled only criminal defense matters.

3.12. Mr Shih would hold to a stubborn belief, against the clients wishes, to review or even acknowledge contextual evidence or matters that were of significance to the origin of the perjured peace order case. When the plaintiff asked for a referral thus, Mr Shih and Mr Hanifin would stubbornly assert they could represent the plaintiff diligently and competently, while in fact they evidently could not.

3.13. To establish negligence in this case, the plaintiff need not rely on expert testimony because where the attorney's actions are within the knowledge or experience of laymen, however, expert testimony is not necessary to establish negligence . *Fishow*, 55 Md. App. at 318–19, 462 A.2d at 544; *Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 138 F. Supp. 2d 695, *amended*, 142 F. Supp. 2d 676 (D. Md. 2001); *Franch v. Ankney*, 341 Md. 350, 357 n.4, 670 A.2d 951, 954 n.4 (1996); *Cent. Cab Co. v. Clarke*, 259 Md. 542, 551–52, 270 A.2d 662, 667–68 (1970).

3.14. In this case the attorney's actions are within the experience of laymen because the acknowledgement/ attentiveness to the receipt of evidence and its subsequent disclosure to the client, does not require any sort of expert training, neither does accurately disclosing to the client the breadth of the firm's expertise in law practice. It is merely a mechanical and administrative task.

3.15. To recover damages for legal malpractice, the client must allege and prove that his or her injury was the proximate result of the attorney's negligence, and the plaintiff avers that as a result of the negligent misrepresentation of the attorney's facts to the court, her case was summarily dismissed and a motion to postpone denied, and she could not present new evidence in trial court.

4. <u>Statement of Facts In support of Claim</u>

Ms. Adaeze Nwosu (hereinafter "Ms Nwosu"), Plaintiff, sues Gritz, Hanifin & Shih, LLC. (hereinafter "GFH"), defendant, and states

1. Plaintiff is a deeded property owner of Silver Spring, Montgomery County, Maryland
2. Defendant GFH is a law firm located in Rockville, Montgomery County, Maryland.
3. On February 10 2023, Ms Nwosu received a peace order petition against her by a woman who had perjured herself to obtain the order, and Ms Nwosu wanted to obtain evidence that was not available at the time of the hearing, in order to appeal the erroneous order later, so
4. Sometime in February, Ms Nwosu employed Mr Shih from GFH; that Mr Shih, an attorney-at-law and partner at GFH held himself out to the public as knowledgeable in handling civil cases such as peace and protective orders and criminal defense cases. Mr Shih agreed to represent Ms Nwosu in her appeal of the peace order cases, in the circuit court.
5. Sometime in April 2023, Mr Shih became unresponsive and unreachable for a period of about two weeks, and Ms Nwosu's repeated attempts to contact Mr Shih failed
6. Sometime in April 2023 Ms Nwosu advised Mr Shih of her desire to engage new counsel and terminate the contract owing to the unresponsiveness and a testimony from Mr Shih that he would be unable the breadth of the case as more evidence unfolded of malicious intent on the part of the person who had obtained the peace order against Ms Nwosu under perjury.
7. Mr Shih repeatedly testified to Ms Nwosu that his firm did not handle civil cases, and would not be able to handle the breadth of her case, in the wake of new evidence, and later became unresponsive again.
8. Sometime in May 2023, Mr Hanifin from GFH testified to Ms Nwosu that Mr Shih would not be able to continue the case because of a personal emergency and apologized for lapse in responsiveness to her case. Ms Nwosu maintained to Mr Hanifin that she wished to change counsel, and at this late period it would be the responsibility of GFH to transfer the case to a suitable attorney.
9. Mr GFH insists Ms Nwosu retains them, despite Ms Nwosu's insistence to change counsel, for lapses in communication and diligence and for disagreements in approach

to handling her case: Ms Nwosu expressed numerously that she would not settle because she was innocent.

10. Sometime after May 19th 2023, Mr Hanifin informs Ms Nwosu that his firm is still expecting body footage evidence from the police.

11. 10 days before the trial date, on May 24 2023, Mr Hanifin, from GFH finally filed a motion to strike out and a motion to continue

12. In GFH's motion to continue on May 24 2023 Mr Shih states his reason for filing is:
    a. he is still expecting body camer footage evidence from the police
    b. Ms Nwosu would like to obtain alternative counsel

13. Neither Mr Shih, nor GFH stated in their motion to continue that they had stalled the progress of Ms Nwosu's case by breaching the standard of communication under the Maryland Lawyers' Rules of Professional Conduct ("MLRPC"), due to their lapses in communication;

14. Neither Mr Shih, nor GFH stated in their motion to continue that they had failed to mention they were no longer competent, under MLRPC, with Mr Shih having family emergencies and testifying he could not handle the breadth of the case.

15. In their motion to continue, Mr Shih and GFH negligently represent the facts of Ms Nwosu case, by stating they were yet to receive body camera footage from the police, wherein they had already received it as at May 8 2023, as indicated by the time stamp of their folder.

16. Mr Shih and Mr Hanifin concealed evidence that was vital to Ms Nwosu's case, and prejudiced the plaintiff, and thus breached their contract to Ms Nwosu to represent her ethically and truthfully, in line with the dictates of their professional rules of conduct, according to the Maryland Attorney Rules for Professional Conduct

17. Ms Nwosu avers that at all times, she refuted the persistent counsel of GFH attorneys Patrick and Mr Shih to "settle" the case and was awaiting the evidence from the police footage supporting her innocence. She further avers that GFH n withheld and did not disclose to her that they had it, and this nondisclosure of key information constitutes a breach of fiduciary duty and reckless counsel to the plaintiff (see *Parler & Wobber v. Miles & Stockbridge, P.C.*, 359 Md. 671, 756 A.2d 526 (2000)

18. Ms Nwosu avers that at all times GFH withheld key evidence from her, which would have turned her case around in her favour, and instead offered her negligent counsel that did harm her, and truly prejudiced her.

19. Ms Nwosu avers that at all times before the motion to continue was filed, GFH had received all relevant evidence and police body camera footage, as early as April, that was needed to prove her innocence and convict the other party of perjury and that GFH, failed in their professional responsibility to apply diligent care to review this evidence and failed in their professional duty to communicate with Ms Nwosu of such evidence.
20. GFH failed to adequately refute the charges of the hospital bill arising from corollaries of the case, and Ms Nwosu still had to pay a hospital bill of about $1000.00
21. Ms Nwosu brought these grievances of the negligent actions, legal malpractice and breach of fiduciary duty to the attention of GFH after becoming pro se, sometime in June 2023, and received a hostile response from Mr Hanifin, instead of an apology.
22. Ms Nwosu avers the actions above constitutes a misconduct / legal malpractice and has suffered harm because the negligent and deficient motion to continue was denied, and her case was dismissed. Had the motion to continue been obtained, Ms Nwosu would have been able to appear in her case without it being dismissed and present the available evidence and prevailed in repealing the peace order defaming her good name. Ms Nwosu would not have had to forgo loss of wages by instead dedicating time to pursue various motions and filing a writ of certiorari, to have her case reopened, among others, especially due to the short time to find alternate counsel.
23. Ms Nwosu avers that Mr Shih's self-interested actions of not disclosing to the court his personal emergencies and challenges in his filed Motion to continue on May 24th 2023, constitutes a breach of fiduciary duty to Ms Nwosu, and prejudiced her chances of obtaining a continuance to find alternate counsel and attend at a later date.
24. Ms Nwosu's avers that GFH's actions are especially tortuous because when she discovered their negligence and asked for an apology, Mr Hanifin unethically berated her further.
25. Furthermore, Ms Nwosu would find out later that during the course of their representation of her, GFH had not renewed their business license with the state and were thus transacting with her illegally.
26. As a result of GFH's negligence, legal malpractice, and breach of fiduciary duties to her, Ms Nwosu has suffered economic loss in excess of $250,000.00 in 2023 and 2024, by suffering loss to her home and property, and incurred associated travel and transportation expenses from the loss, which would not have happened had they not committed the above tortuous acts enumerated above.

5. **Relief**

Wherefore, Ms Nwosu seeks

1. An order of judgment against GFH for compensatory and treble damages in excess of seven hundred and fifty thousand dollars ($750,000.00), plus interest, costs
2. A court order suspending their business license to practice law in the state of Maryland,
3. A court order for any and all other relief to which this Court finds the plaintiff entitled.


Yours Sincerely,

*[signature]*

Ms Adaeze Nwosu,

Plaintiff

ireoma@gmail.com

## 6. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

**Signature of Plaintiff**  _[signature]_

**Printed Name of Plaintiff** _____

ireoma@gmail.com
11630 Leesborough Circle,
Silver Spring,
MD, 20902

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th January 2024, I caused to be served a copy of the foregoing complaint on the following persons or entities via third party process server to its registered agent: Patrick Hanifin, located at

Gritz, Hanifin, Shih, LLC
200A Monroe St #310,
Rockville, MD 20850
(301) 217-9200

Adaeze Nwosu
Plaintiff
ireoma@gmail.com